IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MORRIS MOSELY,** | ) | |
| **ID # 1623284,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:19-CV-1588-N-BH** |
| | ) | **(Consol. with No. 3:19-CV-1589-N)** |
| **WARDEN DRISKEL,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the Petition for A Writ of Habeas Corpus By A Person in State Custody, received on July 1, 2019 (doc. 3). Based on the relevant findings and applicable law, the petition should be **DISMISSED** with prejudice as barred by the one-year statute of limitations.

## I. BACKGROUND

Morris Mosely ("Petitioner"), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed two separate petitions for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions in two burglary cases that were tried together at the state level. (*See* docs. 3, 5.)[2] The respondent is the Warden of the TDCJ unit where Petitioner is incarcerated.

### A.    State Court Proceedings

Petitioner was convicted of one count of burglary of a habitation in Cause No. F080200 and in Cause No. F0918663[3] in Dallas County, Texas, and was sentenced to 19 years of confinement.

---

[1]By *Special Order* 3-251, this habeas case was automatically referred for findings, conclusions, and recommendation.

[2]The two federal habeas petitions were initially opened as separate cases but have now been consolidated. (*See* doc. 4.)

[3] Petitioner lists the state habeas petition case number for Cause No. F0918663 on the cover of his second-filed habeas petition. (*See* doc. 5, cover page.)

(*See* docs. 3 at 2; 5 at 2.)[4]  His convictions were affirmed on direct appeal, and on May 11, 2011, the

Texas Court of Criminal Appeals ("TCCA") refused his petitions for discretionary review ("PDR").

(*See*  http://search.txcourts.gov/Case.aspx?cn=05-09-01316-CR&coa=coa05;

http://search.txcourts.gov/Case.aspx?cn=PD-0149-11&coa=coscca.)  Petitioner did not file a writ

of certiorari with the United States Supreme Court.  (*See* docs. 3 at 3; 5 at 3.)  He filed his

applications for state writs of habeas corpus on August 10, 2018, which the TCCA denied on

September 11, 2018.  (*See* docs. 3 at 4; 5 at 4.)

**B.      Substantive Claims**

Petitioner's habeas petitions, which were signed on May 28, 2019, and received on July 1,

2019, raise the following grounds:

(1)  Counsel was ineffective for failing "to put on a defense for defendant;"

(2)  Prosecutor was "vindictive" and committed misconduct by improperly enhancing Petitioner's sentence; and

(3)  Petitioner's sentence "violates [his] constitutional right pursuant to the Eight Amendment."

(*See* doc. 3 at 6-7; doc. 5 at 6-7.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions

for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act

---

[4]  Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

substantially changed the way federal courts handle habeas corpus actions.   One of the major

changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).

**A.**    **Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

The facts supporting Petitioner's claims either became known or could have become known

prior to the date his judgments became final.[5]  The TCCA refused Petitioner's PDRs on May 11,

2011, and he did not file any petition for a writ of certiorari.  In interpreting § 2244(d)(1)(A), the

Fifth Circuit has concluded that a state conviction becomes final upon direct review, which occurs

upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari.  *Ott*

*v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).  Under the Supreme Court Rules, Petitioner had

ninety days from "when the availability of direct appeal to the state courts has been exhausted and

---

[5]  Petitioner has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

3

the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been

finally denied." *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994).  Because the TCCA refused his

PDRs on May 11, 2011, Petitioner's convictions became final ninety days later on August 9, 2011.

Accordingly, his federal petitions were due no later than August 9, 2012, in the absence of tolling.

**B.    Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

A state application for collateral review is "properly filed" for purposes of § 2244(d)(2) "when its

delivery and acceptance are in compliance with the applicable laws and rules governing filings."

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In other words, "a properly filed [state] application [for

collateral review] is one submitted according to the state's procedural requirements."  *Causey v.

Cain*, 450 F.3d 601, 605 (5th Cir. 2006) (quoting *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th

Cir. 2002)).    However, a state habeas application filed after the limitations period has already

expired does not toll the limitations period.  *Flores v. Quarterman*, 467 F.3d 484, 486 n.2 (5th Cir.

2006).

Because Petitioner did not file his state applications for habeas relief until August 10, 2018,

approximately six years after the limitations period had expired, they did not toll the AEDPA

limitations period.  The habeas petitions are therefore untimely.

**C.    Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate

exceptional circumstances, be equitably tolled.  *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v.

*Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Petitioner makes no contention that he is entitled to equitable tolling. In fact, he appears to assert that the limitations period does not affect his habeas petitions. (*See* doc. 3 at 9; doc. 5 at 9.) He has not demonstrated "rare and exceptional circumstances" required for equitable tolling. *See Ott*, 192 F.3d at 513.

5

## III. RECOMMENDATION

The petitions for writs of habeas corpus should be dismissed with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED on this 22nd day of July, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6